Chief Judge Desmond
(dissenting). I dissent and vote to reverse and to order a new trial for the reasons given in my dissent in People v. McQueen (18 N Y 2d 337).
There is another inescapable reason for a reversal here. Not only was the confession of this 17-year-old youth taken after hours of questioning by police and prosecutors without the presence of any lawyer or friend or relative, but his father, who had come to' police headquarters to see him, speak to him and advise him, was turned away’and sent home. The father and son actually saw each other through a doorway at headquarters but the police told the father that the young man had not signed his confession yet and that the father could not see him until after a confession should be signed. This conversation took place some hours before the questioning of the son was concluded.
All of the above is undisputed. I do not see how this could be other than an unconstitutional denial of the defendant’s right to the assistance of counsel (see Escobedo v. Illinois, 378 U. S. 478; People v. Donovan, 13 N Y 2d 148; People v. Ressler, 17 N Y 2d 174; People v. Gunner, 15 N Y 2d 226). Furthermore, the youth and inexperience of this defendant plus the fact that he *834 was interrogated for hours by no fewer than seven police officials and the District Attorney, plus other coercive circumstances, bring the case necessarily within such decisions as Haley v. Ohio (332 U. S. 596). Surely the totality of these facts impels a finding of involuntariness (Davis v. North Carolina, 384 U. S. 737).
Reversal as to this defendant probably necessitates a reargument of People v. Burd (7 N Y 2d 839, rearg. den. 13 N Y 2d 1185) since Burd was a eodefendant with Hocking and a similar argument by Burd was rejected by us. I vote for a reversal as to this appellant Hocking and a reargument as to Burd.
Judges Van Vookhis, Soileppi, Bergan and Keating concur in Memorandum; Chief Judge Desmond dissents in an opinion in which Judge Burke concurs only as to denial of appellant’s right to the assistance of counsel; Judge Fuld dissents solely on the dissenting opinion in People v. McQueen (18 N Y 2d 337), decided herewith.
Upon reargument: Judgment, as amended, affirmed in a Memorandum.